**Giovanni PERTICHINO, Plaintiff,**

v.

**MERIDIONAL PESCA DEGIOSA, INC.**

**No. 76 Civ. 3674.**

United States District Court,
S. D. New York.

Feb. 8, 1978.

Phillips & Cappiello, New York City (by George J. Cappiello, Jr., New York City) for plaintiff.

Haight, Gardner, Poor & Havens, New York City (by David P. H. Watson, New York City) for defendant.

MEMORANDUM

IRVING BEN COOPER, District Judge.

This is a motion under Rule 12(b), Federal Rules of Civil Procedure, to dismiss the plaintiff's complaint on the grounds of *forum non conveniens.* Plaintiff sues to recover damages for personal injuries sustained on May 15, 1976 while a member of a crew on a fishing vessel.

Plaintiff is an Italian citizen. The fishing vessel is registered under the Italian flag. The vessel owner is an Italian company with no place of business in the United States. At the time plaintiff was injured the vessel was in international waters, some 95 miles off the coast of New Jersey.

Following his injury, the plaintiff was taken to a hospital in Staten Island, New York. Two months later he returned to Italy where he still resides.

The sole connection to the United States is the medical attention the plaintiff received after the injury was sustained. All other relevant circumstances favor Italian jurisdiction; they far outweigh any claimed

inconvenience in obtaining medical testimony from Staten Island. As the Second Circuit stated in *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 450 (1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976), "[a]n action may properly be dismissed under the doctrine of *forum non conveniens* when the convenience of the parties and the ends of justice weigh heavily against the retention of jurisdiction." Here, depositions or air transport for medical witnesses make it relatively easy to secure this type of proof on behalf of an Italian plaintiff against an Italian defendant for injuries incurred on an Italian vessel in international waters.

Finally, as the court noted in *Fitzgerald, supra*, at 450–51, "[a]nother factor to be considered is the public interest which includes a limitation on the use of a local forum for resolution of controversies which lack significant local contacts, especially when trial of the action would create administrative and legal problems for the courts." The public interest dictates that this case not be tried in the United States District Court for the Southern District of New York.

Since it was technically proper for this case to be brought in the Southern District of New York, with dismissal only for the convenience of the parties, it is only fair that the plaintiff's right to seek relief in another forum be preserved from attack on such grounds as the statute of limitations in the foreign jurisdiction. By including on the instant application the provision that the motion to dismiss the complaint is granted provided the defendant agrees to submit to the jurisdiction of the Italian courts, we make sure that the plaintiff will have his day in court. This procedure was approved in *Fitzgerald v. Texaco, supra*.

For the reasons above, defendant's motion to dismiss is granted in accordance with this memorandum.

SO ORDERED.